JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Ashley Strouse

**(b)** County of Residence of First Listed Plaintiff   Hudson
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin Console, Esq.,
Console Mattiacci Law
110 Marter Avenue, Suite 502, Moorestown, NJ 08057   215-545-7676

## DEFENDANTS

Icon Eyeware, Inc.

County of Residence of First Listed Defendant   Bergen
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                        *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation -
Transfer

☐ 8  Multidistrict
Litigation -
Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000(e), et seq. ("Title VII"), 29 U.S.C. §2601, et seq. ("FMLA")
Brief description of cause:
Plaintiff is alleging sex discrimination, pregnancy discrimination, and FMLA violations.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
in excess of $75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

N/A

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
09/07/2017

SIGNATURE OF ATTORNEY OF RECORD
Kevin Console, Esquire

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW JERSEY

---

|  |  |  |
|---|---|---|
| **ASHLEY STROUSE**<br>**Weehawken, NJ 07086** | : | **CIVIL ACTION NO.** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ICON EYEWEAR, INC.**<br>**5 Empire Boulevard**<br>**South Hackensack, NJ 07606** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **Defendant.** | : | |

---

## COMPLAINT

### I.    INTRODUCTION

Plaintiff, Ashley Strouse, brings this action against her former employer, Icon Eyewear, Inc. ("Defendant"). Defendant terminated Plaintiff one (1) week after Plaintiff notified Defendant of her pregnancy and her need for maternity leave, and days after she objected to Defendant's discriminatory comments regarding her pregnancy, without any legitimate reason to do so. Prior to informing Defendant of her pregnancy, Plaintiff had no indication that her job was in jeopardy. Defendant's sex- and pregnancy-based discriminatory and retaliatory conduct towards Plaintiff violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the New Jersey Law Against Discrimination, as amended, N.J.S.A. 10:5-1, *et seq.* ("NJLAD"). Defendant also violated the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.*

("FMLA") by terminating Plaintiff shortly after, and because of, her request for an upcoming FMLA-protected maternity leave. Plaintiff seeks damages, including economic loss, liquidated damages, compensatory damages, punitive damages, costs and attorney's fees, and all other relief this Court deems appropriate.

## II.   __PARTIES__

1.      Plaintiff, Ashley Strouse, is an individual and a citizen of the state of New Jersey.  She resides in Weehawken, NJ.

2.      Plaintiff is female.

3.      As of the time that Plaintiff would have commenced her FMLA-protected maternity leave in or around July 2017 (had Plaintiff's employment not been terminated beforehand), Plaintiff would have been employed for at least twelve hundred and fifty (1,250) hours of service during the preceding twelve (12) month period.

4.      At all relevant times, Defendant employed more than fifty (50) people within a seventy-five (75) mile radius of Plaintiff's workplace.

5.      Defendant maintains a principal place of business located at 5 Empire Boulevard, South Hackensack, NJ 07606.

6.      Plaintiff worked at Defendant's offices located at 5 Empire Boulevard, South Hackensack, NJ 07606.

7.      Defendant is engaged in an industry affecting interstate commerce and regularly does business in the state of New Jersey.

8.      At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the

course and scope of their employment with Defendant and in furtherance of Defendant's business.

9.      At all times material hereto, Defendant acted as an employer within the meanings of the statutes which form the basis of this matter.

10.     At all times material hereto, Plaintiff was an employee of Defendant within the meanings of the statutes which form the basis of this matter.

## III.     JURISDICTION AND VENUE

11.     The causes of action which form the basis of this matter arise under Title VII, the FMLA and the NJLAD.

12.     The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

13.     The District Court has jurisdiction over Count II (FMLA) pursuant to 29 U.S.C. §2617(a)(2) and 28 U.S.C. §1331.

14.     The District Court has supplemental jurisdiction over Count III (NJLAD) pursuant to 28 U.S.C. §1367.

15.     Venue is proper in the District Court under 28 U.S.C. §1391(b).

16.     On or about February 14, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of acts of discrimination and retaliation alleged herein.  Attached hereto, incorporated herein and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

17.     On or about June 13, 2017, the EEOC issued to Plaintiff a Dismissal

and Notice of Rights for her EEOC Charge.  Attached hereto, incorporated herein and marked as Exhibit "2" is a true and correct copy of that notice (with personal identifying information redacted).

18.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     FACTUAL ALLEGATIONS

19.     Plaintiff was hired by Defendant on or about May 4, 2016 and began her employment with Defendant on or about May 31, 2016.

20.     Plaintiff held the job title of National Accounts Manager and worked in the Sales Department.

21.     Throughout the course of her employment with Defendant, Plaintiff consistently demonstrated excellent performance and dedication to Defendant. Plaintiff performed her duties in a highly-competent manner.

22.     Plaintiff reported to Barry Shashoua (male), Vice President of Sales.

23.     On or about Friday, January 13, 2017, Plaintiff informed Shashoua that she was pregnant.

24.     Plaintiff specifically informed Shashoua that she was beginning her second trimester and that her due date was July 24, 2017. She also informed Shashoua that she planned on working up until she gave birth and that she would be returning to work following her maternity leave.

25.     Shashoua appeared shocked and unhappy when Plaintiff informed him of her pregnancy.

26.     In response to Plaintiff informing him of her pregnancy, Shashoua told

Plaintiff, "You girls are really killing me."

27.     Shashoua also told Plaintiff that now it made sense to him as to why he thought Plaintiff's attitude had changed, and that something was "off," and that now he knows why.

28.     Plaintiff understood Shashoua's comments to be referring to her pregnancy.

29.     After learning of Plaintiff's pregnancy and upcoming FMLA-protected maternity leave, Shashoua belittled Plaintiff and spoke negatively about Plaintiff to another employee of Defendant.

30.     After learning of Plaintiff's pregnancy and upcoming FMLA-protected maternity leave, Shashoua falsely blamed Plaintiff, for the first time, for delays in processing orders, which Plaintiff had been discussing with him over the course of the prior two (2) months.

31.     On or about Monday, January 16, 2017, Plaintiff informed Mike Cotton (male), Executive Vice President, that she was pregnant.

32.     Plaintiff informed Cotton that her due date was July 24, 2017. Plaintiff told Cotton that she planned on working up until she gave birth and that she would be returning to work following her maternity leave.

33.     On or about Monday, January 16, 2017, Plaintiff objected to Shashoua's comments to her from Friday, January 13, 2017, telling Shashoua that the comments were upsetting to her.

34.     In response, Shashoua told Plaintiff that she needed to be more aggressive, and referenced a male peer as an example of an employee who

was, in Shashoua's opinion, more aggressive.

35.     On or about Friday, January 20, 2017, Shashoua and Cotton called Plaintiff into a meeting at the end of the day and terminated Plaintiff, effective immediately.

36.     During this termination meeting, Cotton brought to Plaintiff's attention, for the first time, a complaint from a client, which was not legitimate. Cotton also stated that Plaintiff's budget for 2016 came in low and that the 2017 budget was not looking good.

37.     Cotton told Plaintiff that, based on her performance and the client's complaint, Defendant did not feel that Plaintiff was "a good fit."

38.     During the termination meeting, Plaintiff disputed the allegations from the client.

39.     In response, Cotton admitted to Plaintiff that the client who complained was "crazy."

40.     Plaintiff also disputed the alleged issues with her budget numbers.

41.     During the meeting, Plaintiff informed Cotton that Shashoua had made derogatory comments to her about her sex and pregnancy on January 13, 2017.

42.     In response, Cotton laughed and said that Shashoua was probably joking.

43.     Upon information and belief, Defendant did not treat similarly-situated male employees, non-pregnant female employees, non-complaining employees and/or employees who had not attempted to exercise their FMLA rights, in the same or similar manner.

44.     By way of example only, and without limitation, Defendant did not terminate Michael Fletcher (male), who also works in Defendant's Sales Department, after at least two (2) clients complained about Fletcher and requested that he be removed from the clients' accounts. The same week that Defendant received a client complaint about Plaintiff, Defendant received a client complaint about Fletcher. Plaintiff, a pregnant female who objected to Shashoua's sex-based comments, was terminated, while Fletcher, a male who had no such complaints, was not terminated. Upon information and belief, Fletcher remains employed at Defendant despite the client complaints about him.

45.     By way of further example, and without limitation, another one of Plaintiff's non-pregnant and non-complaining coworkers was, unlike Plaintiff, provided with warning and an opportunity to remedy alleged performance deficiencies.

46.     By way of further example, and without limitation, other male employees, non-pregnant female employees, non-complaining employees and/or employees who had not attempted to exercise their FMLA rights were not belittled, were not told that they were "off," were not told that they were "killing" Shashoua, were not provided with unfounded performance criticism and were not abruptly terminated for false and pretextual reasons without prior warning.

47.     Defendant did not provide Plaintiff with any documentation addressing her alleged performance deficiencies prior to her termination.

48.     After Plaintiff notified Defendant, on January 13, 2017, that she was pregnant and would be initiating an FMLA-protected maternity leave, Defendant

for the first time raised performance criticisms, alleged a client complaint and then terminated Plaintiff's employment, all within one (1) week, on January 20, 2017.

49.    Plaintiff was approximately three (3) months pregnant at the time of her termination.

50.    Plaintiff was terminated approximately four (4) days after she objected to Shashoua's January 13, 2017 sex- and pregnancy-based discriminatory comments, which directly followed Plaintiff informing Shashoua of her pregnancy.

51.    Prior to informing Defendant of her pregnancy, Plaintiff received positive feedback and compliments on her performance.

52.    By way of example only, and without limitation, in or around September 2016, when Plaintiff asked for her three (3) month review, Shashoua and Mike Cotton (male), Executive Vice President, told Plaintiff that she was fine, so she did not need a review.

53.    Prior to informing Defendant of her pregnancy, Plaintiff had no indication that Defendant allegedly found her performance deficient and no indication that her job was in jeopardy.

54.    Plaintiff was not informed of any alleged issues regarding her performance or any alleged issues regarding delayed orders or any alleged issues with her budget or any other alleged issues until after she informed Defendant of her pregnancy.

55.    It is undisputed that Defendant did not make the decision to terminate Plaintiff's employment until after she informed Defendant of her pregnancy.

56.    Defendant's performance-based stated reasons for Plaintiff's termination are false and a pretext for unlawful discrimination and retaliation.

57.    Upon information and belief, Defendant was aware of at least one (1) other female employee complaining of Shashoua's sex-based discrimination in the workplace.

58.    Defendant failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory and retaliatory conduct.

59.    Plaintiff's sex and pregnancy were motivating and/or determinative factors in connection with Defendant's discriminatory treatment of Plaintiff, including subjecting Plaintiff to a hostile work environment and terminating her employment.

60.    Plaintiff informing Defendant of her intent to take an FMLA-protected maternity leave was considered as a negative factor, and was a motivating and determinative factor in Defendant's decision to terminate Plaintiff.

61.    Plaintiff's objections to Defendant's discriminatory conduct were motivating and/or determinative factors in connection with Defendant's retaliatory treatment of Plaintiff, including subjecting Plaintiff to a hostile work environment and terminating her employment.

62.    The retaliatory actions taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining about discrimination.

63.     Plaintiff put Defendant on notice of her intent to initiate an FMLA-protected maternity leave beginning on or about July 24, 2017 (her due date), at which point she would have been eligible for FMLA coverage.

64.     Defendant retaliated against Plaintiff for her attempting to exercise her FMLA rights.

65.     Defendant interfered with Plaintiff's right to take an FMLA-protected leave.

66.     The discriminatory and retaliatory conduct of Defendant, as alleged herein, was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

67.     As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

68.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

69.     No previous application has been made for the relief requested herein.

## COUNT I – Title VII

70.　Plaintiff incorporates herein by reference paragraphs 1 through 69 above, as if set forth herein in their entirety.

71.　By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Title VII.

72.　Defendant acted intentionally, and with malice and/or reckless indifference to Plaintiff's rights, and its conduct warrants the imposition of punitive damages.

73.　As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

74.　Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

75.　No previous application has been made for the relief requested herein.

## COUNT II – FMLA

76.　Plaintiff incorporates herein by reference paragraphs 1 through 75 above, as if set forth herein in their entirety.

77.　By committing the foregoing acts against Plaintiff, Defendant has violated the FMLA.

78.　As a result of Defendant retaliating against Plaintiff for exercising her right to take leave, Defendant denied Plaintiff her rights under the FMLA.

79.     Said violations were not in good faith, and Defendant did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA, and warrant the imposition of liquidated damages.

80.     As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has suffered damages and losses set forth herein and has incurred attorneys' fees and costs.

81.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's violations of the FMLA unless and until this Court grants the relief requested herein and has incurred attorneys' fees and costs.

82.     No previous application has been made for the relief requested herein.

## COUNT III – NJLAD

83.     Plaintiff incorporates herein by reference paragraphs 1 to 82 above, as if set forth herein in their entirety.

84.     By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated the NJLAD.

85.     Members of Defendant's upper management had actual participation in, or willful indifference to, Defendant's wrongful conduct described herein, and their conduct warrants the imposition of punitive damages against Defendant.

86.     As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has sustained the injuries, damages, and losses set forth herein, and has incurred attorney's fees and costs.

87.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

88.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a)     declaring the acts and practices complained of herein to be in violation of Title VII;

(b)     declaring the acts and practices complained of herein to be in violation of the FMLA;

(c)     declaring the acts and practices complained of herein to be in violation of the NJLAD;

(d)     entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(e)     enjoining and restraining permanently the violations alleged herein;

(f)     awarding  compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits, and earning capacity, which Plaintiff has suffered and will continue to suffer as a result of Defendant's discriminatory and retaliatory conduct;

(g)     awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

(h)     awarding Plaintiff costs of this action, together with reasonable attorney's fees;

(i)     awarding punitive damages to Plaintiff under Title VII;

(j)     awarding punitive damages to Plaintiff under the NJLAD;

(k)     awarding liquidated damages to Plaintiff under the FMLA;

(l)     awarding Plaintiff such other damages as are appropriate under Title VII, the FMLA and the NJLAD; and

(m)     granting such other and further relief as this Court deems appropriate.

**CONSOLE MATTIACCI LAW LLC**

Dated: September 7, 2017            BY: _____

Kevin Console, Esq.
110 Marter Avenue, Suite 502
Moorestown, NJ 08057
Telephone: (215) 545-7676
kevinconsole@consolelaw.com

Attorney for Plaintiff,
Ashley Strouse

# EXHIBIT 1

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | Q   FEPA<br>X   EEOC | |

| STATE OR LOCAL AGENCY: | | |
|---|---|---|

| NAME (Indicate Mr., **Ms.**, Mrs.)<br>Ashley Strouse | | HOME TELEPHONE NUMBER *(Include Area Code)* | |
|---|---|---|---|
| STREET ADDRESS | CITY, STATE AND ZIP<br>Weehawken, NJ 07086 | | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>Icon Eyewear, Inc. | NUMBER OF EMPLOYEES, MEMBERS<br>>15 | TELEPHONE (Include Area Code)<br>(201) 330-9333 |
|---|---|---|
| STREET ADDRESS<br>5 Empire Boulevard | CITY, STATE AND ZIP<br>South Hackensack, NJ 07606 | COUNTY<br>Bergen |

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Q Race   Q Color   X Sex   Q Religion   Q National Origin<br>X Retaliation   Q Age   Q Disability   X Other *(Specify)* Pregnancy | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*          *Latest* 01/20/2017 |
|---|---|

**The Particulars Are:**

A.     1.     Relevant Work History

I was hired by Respondent on May 4, 2016, and began my employment on May 31, 2016 as a National Accounts Manager in the Sales Department.  I reported to Barry Shashoua (male), Vice President of Sales.

On January 13, 2017, I informed Shashoua that I am pregnant.  On January 20, 2017, I was terminated from my employment with Respondent.

I consistently demonstrated excellent performance and dedication to Respondent.  I performed my duties in a highly-competent manner.  Before informing Respondent of my pregnancy, I received positive feedback and compliments on my positive performance.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (when necessary for State and local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | |

| Date:<br>2/13/17 | Charging Party *(Signature)*:<br>*Ashley Strouse* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |
|---|---|---|

EEOC Charge of Discrimination
Page 2 of 3
Initials of Charging Party – *AQJ*

2.     Harm Summary

I have been discriminated against, including being subjected to a hostile work environment, because of my sex (female) and my pregnancy, and have been retaliated against because of my complaints of Respondent's discriminatory conduct. Evidence of the discriminatory and retaliatory conduct to which I have been subjected includes, but is not limited to, the following:

(a) Prior to my informing Respondent that I am pregnant, I received positive feedback regarding my performance, including that, in September 2016, when I asked for my three (3) month review, Shashoua and Mike Cotton (male), Executive Vice President, laughed and told me that I was fine, so I did not need a review.

(b) On Friday, January 13, 2017, I informed Shashoua of my pregnancy. I informed Shashoua that I was beginning my second trimester, and that my due date is July 24, 2017. I informed Shashoua that I intended to return to work at Respondent following my pregnancy.

(c) Shashoua appeared shocked and unhappy when I informed him that I am pregnant. Shashoua then stated, "You girls are really killing me."

(d) Shashoua stated that now it made sense that he thought my attitude had changed in or around October 2016, and that something with me was "off." Shashoua stated "Something has changed and we know why." I understood him to be referring to my pregnancy, as the comment indicated to me.

(e) After learning that I am pregnant, Shashoua belittled me, and spoke negatively about me to another employee at Respondent.

(f) After I informed Shashoua of my pregnancy, Shashoua blamed me, for the first time, for delays in orders, which I had been discussing with him for the two (2) prior months.

(g) On Monday, January 16, 2017, I informed Cotton that I am pregnant. I informed Cotton that I intended to return to work at Respondent following my pregnancy.

(h) On Monday, January 16, 2017, I told Shashoua that his comments to me on Friday, January 13, 2017 were upsetting to me. Shashoua responded that he needed me to be more aggressive.

(i) On Friday, January 20, 2017, Shashoua and Cotton called me into a meeting at the end of the day. Cotton brought to my attention an email from a customer, and stated that they needed to address the complaints in the customer's email. Cotton then stated that my budget for 2016 came in low and the 2017 budget was not looking good.

(j) Cotton stated that, based on my performance and this customer email, Respondent did not feel that I was a good fit. Cotton stated that, because of these reasons, Respondent is not terminating me because of my pregnancy.

(k) I was terminated on the spot, effective immediately.

EEOC Charge of Discrimination
Page 3 of 3
Initials of Charging Party – *AMS*

(l) I told Cotton that I wanted to address the email from the customer. Cotton stated that the customer was "crazy." I then addressed the budget numbers. I questioned why the concerns over budget issues were not brought to my attention sooner, such as when I reviewed the numbers with Shashoua in October 2016. Cotton stated that he did not know what to tell me.

(m) I informed Cotton that Shashoua had made derogatory comments about my pregnancy. Cotton laughed and said Shashoua was probably joking.

(n) Unlike my non-pregnant coworker, I was not provided with any warning or any opportunity to remedy my alleged performance deficiencies. Respondent provided me with no documentation addressing my alleged performance deficiencies.

(o) At the time of my termination, I was approximately three (3) months pregnant.

(p) Before I informed Respondent I am pregnant, I had no indication that my job was in jeopardy.

(q) Upon information and belief, Respondent did not target or treat in the same way similarly-situated male or non-pregnant females.

B.    1.    Respondents' Stated Reasons

(a) Respondent's performance-related explanation for terminating my employment is pretext for unlawful sex and pregnancy discrimination.

(b) Respondent's performance-related explanation for terminating my employment is pretext for unlawful retaliation because of my complaints of discrimination.

C.    1.    Statutes and Bases for Allegations

I believe that Respondent has discriminated against me, including subjecting me to a hostile work environment, based on my sex (female) and my pregnancy, and has retaliated against me because of my complaints about Respondent's discriminatory conduct in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e), *et seq.* ("Title VII"); and the New Jersey Law Against Discrimination, as amended, N.J.S.A. § 10:5-1, *et seq.* ("NJLAD"), as set forth herein.

EXHIBIT 2

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: Ashley Strouse | From: Newark Area Office |
|---|---|
| ▮▮▮▮▮▮▮▮▮▮▮▮▮ Weehawken, NJ 07086 | 283-299 Market Street Two Gateway Center, Suite 1703 Newark, NJ 07102 |

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 524-2017-00507 | Rayba Watson, Enforcement Supervisor | (973) 645-6021 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

JUN 1 3 2017

Enclosures(s)

**John Waldinger,**
**Area Office Director**

(Date Mailed)

cc: Meredith Cavallaro, Esq.
Paduano & Weintraub
1251 Ave. of the Americas, 9th flr.
New York, NY 10020

Emily R. Derstine Friesen
**CONSOLE LAW OFFICES**
1525 Locust Street, 9th Fl.
Philadelphia, PA 19102